**FILED**

APR 01 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD G. SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>SANTA ROSA POLICE DEPARTMENT, et. al.,<br><br>Defendants. | No. C 10-04528 JW (PR)<br><br>ORDER OF DISMISSAL |

Plaintiff, a former confidential informant for the Santa Rosa Police Department and current pretrial detainee in the Sonoma County Jail has filed a pro se civil rights complaint under 42 U.S.C. § 1983 against Sergeant Mike Tossi of the Santa Rosa Police Department. Plaintiff also seeks leave to proceed in forma pauperis, which will be granted in a separate order. In this order, the Court will conduct its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

//
//
//

Order of Service
G:\PRO-SE\VRW-----JW REASSIGNMENTS 2011\CR-10\Smith-4528\order of dismissal.wpd 1

# DISCUSSION

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. <u>Id.</u> at 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). Pleadings filed by pro se litigants, however, must be liberally construed. <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1990). But although a <u>pro se</u> complaint must be liberally construed, it nonetheless "'may be dismissed for failure to state a claim . . . where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."'" <u>Weilburg v. Shapiro</u>, 488 F.3d 1202, 1205 (9th Cir. 2007) (citations omitted).

B. <u>Plaintiff's Claim</u>

According to the complaint, plaintiff, while acting as a confidential informant for the Santa Rosa Police Department, contacted Sergeant Mike Tossi and told him about a drug dealer who wanted to sell plaintiff methamphetamine and a firearm. Sergeant Tossi told plaintiff to call the drug dealer to set up the buy; plaintiff did so with Tossi monitoring the call. Tossi instructed plaintiff to tell the drug dealer to meet him at a certain location. Plaintiff told Tossi not to arrest the drug dealer "on the spot" because then the drug dealer would know the identity of the person who set him up. Tossi did so anyway. As a result, plaintiff claims Tossi's actions "put [him] and [his] wife in great danger." Doc. #1 at 3. This is the extent of the information contained in the complaint.

Plaintiff seeks ten million dollars in damages for "gross negligence which caused [him] mental anguish and pain and suffering." Doc. #1 at 3. Plaintiff claims he "worr[ies] 24-7 that one day either in the street or in prison I will lose my life and also my wife and step children might be murdered." Id.

C. <u>Analysis</u>

Unfortunately for plaintiff, the situation he presents is not one sufficient to state a claim under 42 U.S.C. § 1983 upon which relief may be granted. Even liberally construed, plaintiff's allegations that Tossi's actions of arresting a drug dealer amounted to "gross negligence" that caused plaintiff "mental anguish and pain and suffering" simply are insufficient to state a cognizable federal claim. Further, based on the information contained in the complaint "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Weilburg v. Shapiro</u>, 488 F.3d 1202, 1205 (9th Cir. 2007) (citations omitted). Accordingly, the action must be dismissed.

## CONCLUSION

For the foregoing reasons, the action is **DISMISSED** for failure to state a cognizable claim under 42 U.S.C. § 1983. The clerk is directed to terminate any pending motions as moot and close the file.

IT IS SO ORDERED.

DATED: March 28, 2011

JAMES WARE
United States District Chief Judge

G:\PRO-SE\VRW----JW REASSIGNMENTS 2011\CR-10\Smith-4528-order of dismissal.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RICHARD G. SMITH,

        Plaintiff,

v.

SANTA ROSA POLICE DEPT et al,

        Defendant.

Case Number: CV10-04528 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 1, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Richard G Smith 10033823
Sonoma County Jail
2777 Ventura Avenue
Santa Rosa, CA 95403

Dated: April 1, 2011

                              Richard W. Wieking, Clerk
                              /s/ By: Elizabeth Garcia, Deputy Clerk